# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL GLOVER,

        **Plaintiff,**

        **-vs-**                                                                Case No.    05-C-869

**CAPTAIN STEVEN HAFERMAN, BILL MCCREEDY,
MATTHEW J. FRANK, JAMES GREER,
MICHAEL DITTMANN, DAVID TARR,
TIMOTHY IMMEL, DR. ELSA HORN,
DEBRA PALM, WARDEN LARRY JENKINS,
HAYLEY HERMANN, and SERGEANT SCOTT JABER,**

        **Defendants.**
_____

## DECISION AND ORDER
_____

        Plaintiff Michael Glover, who is incarcerated at the Waupun Correctional Institution, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

        The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the

prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $49.23.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

2

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a

3

complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff was incarcerated at the Kettle Moraine Correctional Institution (KMCI) at all times relevant. The defendants are: Captain Steven Haferman, HSU Manager Bill McCreedy, Wisconsin Department of Corrections Secretary Matthew J. Frank, BHS Coordinator James Greer, Security Chief Michael Dittmann, Captain David Tarr, Sergeant Timothy Immel, Dr. Elsa Horn, Nurse Debra Palm, Warden Larry Jenkins, Inmate Complaint Examiner Hayley Hermann, and Sergeant Scott Jaber.

The plaintiff alleges that on October 26, 2004, he signed a Hepatitis-C treatment consent form. Defendant Dr. Elsa Horn also signed the form. The dangers of the Hepatitis-C treatment medication were explained to the plaintiff.

The plaintiff did experience some of the side effects of the treatment. Defendant Nurse Debra Palm "then made the decision to have me move[d] to a unit close to the H.S.U. medical department in order that I be reached in a timely fashion had a heart attack occurred in order to save my life." (Compl. at unpaginated 7.) On January 5, 2005, defendant Palm gave the plaintiff a medical restriction to this effect. This restriction "clearly means as long as I'm residing at K.M.C.I. I'm to be on a unit close to H.S.U." *Id.*

The plaintiff alleges that on April 28, 2005, defendant Captain Steven Haferman and H.S.U. staff compromised his medical restriction and health by moving him "against the

4

medical orders of my medical restriction from unit 10 close to H.S.U. to unit 7 furthest from H.S.U." *Id.* The plaintiff further asserts:

> The excuse for the move was that I filed inmate complaint 2005-12384 against Sergeant Scott Jaber 4-18-15 which I was well within my rights. I had file[d] complaints against staff many times before and was NOT move to another unit so in reality moving me against my medical restriction furthest from H.S.U. medical department was an act of retaliation for filing complaint 2005-12384 against staff Jaber[.]

*Id.* at 8.

The plaintiff alleges that after he was moved to unit 7, and because of the knowledge he received from defendant Nurse Palm of being at a higher risk of a heart attack from the Hepatitis-C treatment medication, he "felt the need to stop taken [sic] my Hepatitis-C treatment medication to secure my own safety from being out of range of the H.S.U. medical department in order to be reach[ed] in a timely fashion had a heart attack occurred which is when I become severely ill from the abrupt cessation of the Hepatitis-C treatment medication." *Id.* at 9-10.

The plaintiff also alleges that on April 22, 2005, he wrote an interview request form to the warden, defendant Larry Jenkins, complaining about defendant Sergeant Timothy Immel's verbal abuse towards the plaintiff. Defendant Jenkins referred the interview request form to defendant Captain Tarr. On April 26, 2005, defendant Tarr interviewed the plaintiff and defendant Immel. On April 27, 2005, defendant Immel wrote the plaintiff a "bogus conduct report" in retaliation for the complaints in the interview request form. *Id.* at 15. Then, on April

5

29, 2005, defendant Tarr wrote the plaintiff a bogus, retaliatory conduct report. On May 18, 2005, the plaintiff was transferred to a maximum security prison "in results of retaliation from bogus conduct reports by staff Immel 1737644 and Captain Tarr 1737444." *Id.* at 16. The plaintiff seeks compensatory and punitive damages.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Moreover, to state a claim for retaliation, a prisoner need only allege that he engaged in conduct protected by the First Amendment, and that defendants retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008-09 (7th Cir. 2002); *see also Hoskins v. Lenear*, 395 F.3d 372, 275 (7th Cir. 2005).

The court finds that the plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. He may proceed on Eighth Amendment medical care and retaliation claims.

**Plaintiff's Motions to Appoint Counsel**

The plaintiff has filed two motions to appoint counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315,

6

1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this

7

case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel is denied.

### **Plaintiff's Motion to Consolidate Cases**

On August 31, 2005, the plaintiff filed a motion for consolidation of this case with Case Number 05-C-238.[1] The plaintiff asserts that both of these actions concern retaliation that occurred at Kettle Moraine Correctional Institution.

The Federal Rules of Civil Procedure provide that a court may consolidate actions pending before it that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). In this case, the plaintiff is proceeding on Eighth Amendment medical care and retaliation claims, as detailed *supra*. In Case Number 05-C-238, the plaintiff is proceeding on a retaliation claim against defendant Warden Larry Jenkins based on allegations that he was retaliated against for filing inmate complaints concerning second hand smoke.

Although these cases both involve retaliation claims, they are separate retaliation claims based on different sets of facts. Moreover, Case Number 05-C-238 has proceeded through the discovery stage and the defendant has filed a motion for summary judgment whereas this case is merely at the preliminary screening stage. Consolidating these cases would not "avoid unnecessary costs and delay," *see* Fed. R. P. 42(a); rather, it would impede the proceedings of Case No. 05-C-238. Accordingly, the plaintiff's motion for consolidation will be denied. *See*

---

[1] The plaintiff erroneously refers to Case Number 05-C-283 in his motion.

8

*also Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994) (consolidation is committed to the sound discretion of the trial judge).

## Notice to Plaintiff

Several of the plaintiff's recent filings have consisted of one document with both of his pending case numbers on it. This practice is confusing. For example, the plaintiff's motion for consolidation was filed in this case but the response to that motion was filed in Case Number 05-C-238. The plaintiff is hereby notified that each filing with the court, whether it be in this case or in Case Number 05-C-238, can contain only one case number and pertain to only one case. The clerk's office will be directed to return to the plaintiff unfiled any document that does not conform with this directive.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to consolidate cases (Docket #6) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #7) be and hereby is **DENIED**.

9

**IT IS FURTHER ORDERED** that the plaintiff is hereby notified that each filing with the court, whether it be in this case or in Case Number 05-C-238, can contain only one case number and pertain to only one case. The clerk's office shall return to the plaintiff unfiled any document that does not conform with this directive.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $200.77 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**